(60 App. Div. 321.)

PEOPLE ex rel. KEANE v. DOOLING, Public Building Com'r.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. MUNICIPAL CORPORATIONS—OFFICERS—NEGLECT OF DUTY—CHARGES—EVIDENCE.

On hearing of charges against a janitor of a public building for failing to keep the same properly cleaned, where it appeared that a portion of his force had been withdrawn immediately prior to the time of his alleged failure and transferred to another building, and that others were unable to perform their duties by reason of sickness, it was error to refuse to allow him to answer a question as to whether he had sufficient help to properly clean the building.

2. SAME.

Where, on hearing of charges against a janitor of a public building for failing to keep same properly cleaned, witnesses against him had testified that the building was not in a clean condition, it was error to refuse to allow him to answer the question whether the building was in fact clean during the time complained of.

3. SAME—MOTIVE OF PROSECUTOR.

On hearing of charges against a janitor for neglect of duty, it was error to refuse to allow him to introduce evidence to show that the person preferring the charges was not actuated by a proper motive, but was in fact conducting the same by reason of pique or ill feeling.

4. SAME—SUFFICIENCY OF EVIDENCE—CERTIORARI—REINSTATEMENT.

Where the only evidence against a janitor of a public building, charged with the neglect of duty, was given by one person who stated that the same was in a filthy condition, and that persons frequenting the same soiled their clothes, etc., which evidence was denied by the officer, who was corroborated by the inspector of the building, who testified that no complaints of inefficiency had been made, and by several other witnesses, who testified that the janitor had properly performed his duties, etc., the prosecutor failed to establish the burden of proof of the charges, and hence, on certiorari from an order removing the janitor, he was entitled to have the same annulled and be reinstated.

Van Brunt, P. J., dissenting.

Certiorari by the people, on relation of Patrick Keane, against Peter J. Dooling, as acting commissioner of public buildings, to review relator's removal from the position of janitor of a New York City building. Reinstatement ordered.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Samuel H. Ordway, for relator.

Terence Farley, for respondent.

McLAUGHLIN, J.   The relator, an honorably discharged veteran of the War of the Rebellion, in February, 1895, was appointed a janitor in the department of public buildings, lighting, and supplies, in the city of New York, and assigned to duty in the county court house, where he remained until June, 1898, when he was transferred to the hall of records.   He rendered services in that position until May 17, 1900, when, after a trial had upon charges preferred, he was removed.   The charges upon which he was tried were (1) that he had failed and neglected to properly clean and keep in good order, from the 24th of February, 1900, to the 24th of April following, the office of the register; and (2) that on the 30th of March, 1900, when his attention was called to the filthy condition of the building, he used vile and profane language to the register.   The only evidence tending to establish the truth of either of the charges made against the relator was the testimony of one witness, who testified, in substance, that the hall of records, and especially the register's office, had during the time above named been in a filthy condition; that persons frequenting the office had soiled their clothes in examining the records; that the floors and walls of the building and the desks therein were dirty; that the chairs were not dusted; and that the relator had been careless and negligent in the performance of his duties.   This witness also testified that, when the register

called the relator's attention to the filthy condition of the building and the inefficient way in which he was performing his duties, the relator answered the register in a profane and insolent manner. The relator, in his own behalf, denied the testimony given by this witness; denied that the register's office had not been kept clean, or that he had ever answered the register in an insolent or profane manner, or treated him otherwise than the respect for his office deserved. To substantiate his testimony, he produced several witnesses, each of whom corroborated him in some respect. One of his witnesses (Gerrity) testified that he was an inspector, whose duty it was to inspect the public buildings, including the hall of records, for the purpose of ascertaining whether such buildings were properly cared for; that he was in the hall of records every day, and sometimes twice a day, and that he had never observed that the relator had been derelict in his duty; that no complaints had ever been made to him, either by the register or any one else, to the effect that the relator had not performed and was not performing his duties properly. The testimony of Gerrity was also supported by the superintendent of repairs, whose duty it was, in a general way, to observe the condition in which the buildings were kept; and he testified, in substance, that the relator properly performed his duties, so far as he had observed. Several other witnesses were sworn, each of whom testified that the relator had, when acting as janitor, either in this building or in the county court building, been uniformly courteous to his superiors, and performed his duties satisfactorily. The relator also sought to show the actual condition of the register's office during the time specified, by testifying that when he was first assigned to duty in the hall of records he was furnished with five men and seven women to do the work; that two of the men, at or immediately prior to the time when it was alleged that he had failed to keep the register's office clean, had been transferred to another building; and that during that time, or a portion of it, one or two of the other men were unable to perform their duties by reason of sickness. He was then asked if he had sufficient help to properly clean the building. This was objected to, and the objection sustained. We think this was error. The witness should have been allowed to state whether or not it was possible for him to keep the building clean with the force with which he was supplied. The question called for a fact within his knowledge, and was a material question bearing upon the charges which had been made against him. He was also asked whether the building was in fact clean during the time complained of. This was also objected to, and the objection sustained. It is difficult to see just why the relator should not have been permitted to answer the question. The witness against him had testified that the building was not in a clean condition, and it was proper for the relator to establish the contrary, either by denying the testimony of the witness against him, or by showing the existence of an opposite state of facts. He also sought to prove that the person preferring the charges against him was not actuated by a proper motive and had not acted in good faith; that his removal was sought, not on the ground

that he had not properly performed his duties, but really by reason of pique or ill feeling. Testimony bearing upon this subject was also excluded. We think this was error.

But, irrespective of these errors, we think the proof was insufficient to sustain the charges. The burden of proof was on the party who made them. As we view this record, he not only failed to sustain that burden, but whatever evidence was offered by him was entirely overcome by the evidence offered on the part of the relator. The general rule in this class of cases is that, if the party making the charges fails to sustain the burden of proof, the relator is entitled to have the charges dismissed. People v. Wright, 7 App. Div. 185, 40 N. Y. Supp. 285. See, also, People v. Nichols, 79 N. Y. 582; People v. Board of Police Com'rs, 155 N. Y. 40, 49 N. E. 257.

It therefore necessarily follows that the acting commissioner erred in removing the relator, and his action in that respect should be annulled and the relator reinstated, with $50 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. I think there should be a new trial because of exclusion of evidence.