THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS F. CALLAN, Relator, *v.* JOHN N. PARTRIDGE, Police Commissioner of the Police Department of the City of New York, Respondent.

*Trial of a member of the New York police force — dismissal by the police commissioner, after a trial before a deputy, will be sustained — recommendation of dismissal is equivalent to a finding of guilt.*

The dismissal of a member of the police force of the city of New York, who was tried before a deputy police commissioner, the final order of dismissal having been made by the police commissioner, sustained.

*Semble*, that a recommendation that the accused officer be dismissed, made by the deputy police commissioner who conducted such trial, at the close of such trial and after a consideration of all the proof taken, is equivalent to a finding that the relator was guilty of the charges preferred against him.

CERTIORARI issued out of the Supreme Court and attested on the 8th day of December, 1902, directed to John N. Partridge, police commissioner of the police department of the city of New York, requiring him to certify and return to the office of the clerk of the county of Kings all and singular his proceedings had in relation to the dismissal of the relator from the police force of the city of New York.

*James W. Ridgway* [*Thomas Kelby* with him on the brief], for the relator.

*James McKeen* [*Walter S. Brewster* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

The relator has been dismissed from the police force of the city of New York for conduct unbecoming an officer in having falsely accused a roundsman named William Dougan of having demanded forty dollars from him for the suppression of a charge against the relator of being off his post. The proof was clear, and indeed, the relator admitted, that he had made the accusation against the roundsman, but he insisted that his statement as to the roundsman's misconduct was true as matter of fact. There were no witnesses upon this issue except the roundsman himself, who swore that the accusation was false, and the relator, who swore that it was true. In this state of the proof we are asked to reverse the determination of the police commissioner against the relator, upon the ground that the evidence at most was evenly balanced, so that the prosecution did not prove its case by that preponderance of evidence which the law required. There are some circumstances, however, which tend to support and corroborate the complainant, and thus differentiate the case from one in which there is no proof except that furnished by the personal testimony of the plaintiff and defendant as to the principal matter in dispute. Here it appears that the relator made no complaint of the alleged misconduct of the roundsman in attempting to extort the forty dollars from him, either to the captain or the

sergeant of his precinct. It is also to be observed that the rounds-man was entitled to the presumption that he was innocent of the charge of having attempted to extort money, so that even if the proof was otherwise evenly balanced, this presumption might properly prevail with the police commissioner in favor of the complainant.

These reasons, I think, preclude us from interfering with the determination under review, either on the ground that it was against the evidence or was without sufficient evidence to support it. It is further contended, however, that the final adjudication in this matter by the police commissioner was without authority, because the relator was tried before Deputy Commissioner Piper, and the final order of dismissal was made by Commissioner Partridge. In the case of *People ex rel. Reardon* v. *Partridge* (86 App. Div. 310) we have held that under the provisions of the Greater New York charter, as they now exist, the police commissioner has authority to dismiss a member of the force upon his conviction of misconduct after a trial before one of the deputy police commissioners. There, however, there was an express finding of guilt by the deputy commissioner, and an attempt is made to distinguish this case on the ground that here the deputy commissioner made no such finding but merely reported to his superior officer that after maturely considering the evidence he recommended that the relator be dismissed from the police department. It is true that the certificate printed in the return at the close of the evidence, and bearing the signature of the deputy commissioner, contains nothing more than such a recommendation, but that there actually was a finding of guilt by the deputy appears elsewhere in the return, and is also expressly alleged in the petition upon which the writ of certiorari in this proceeding was sued out. Thus in the 4th paragraph of the return it is stated that " the said Deputy Commissioner found the defendant Patrolman Thomas Callan guilty of the charges preferred against him, and recommended that he be dismissed from the force ; " and in his petition the relator alleges that although there was no proper evidence adduced to prove him guilty, " nevertheless the said Deputy Commissioner of the Police Department aforesaid, did adjudge your petitioner guilty of said charge." I think that these averments in the petition and return bring the case within the scope of our deci-

sion in *People ex rel. Reardon* v. *Partridge* (*supra*); but even if the record were less clear in this respect I should be inclined to hold that the recommendation by the deputy commissioner at the close of the trial and after a consideration of all the proof taken ought to be deemed equivalent to a finding that the relator was guilty. It may properly be suggested that a little more care on the part of the police authorities in regard to the procedure upon the trials of policemen would prevent any such questions as this from arising in the future. Where a member of the police force is tried before a deputy commissioner, there should be an express finding one way or the other by that officer, declaring the accused guilty or not guilty of the charge against him, and this finding should be set out in writing in the report of the proceedings made to the head of the police department.

I advise an affirmance of the determination in the case under review.

WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Determination confirmed, with costs.