PEOPLE ex rel. HOFFMANN v. PARTRIDGE, Police Com'r.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICE FORCE—CHARGES—PROCEEDINGS.

On charges against a police officer for violation of rules of the department, the deputy police commissioner may not conduct the trial, and thereafter report the evidence to the commissioner, without determining the guilt or innocence of the officer, or making recommendation in respect thereof, and leave to the commissioner the duty to pass upon the sufficiency of the evidence in the absence of the accused officer, and without notice to him; and a conviction and dismissal based on such proceedings are void.

Certiorari by the people, on the relation of Charles Hoffmann, to review the action of John N. Partridge, as police commissioner of New York City, in dismissing relator from the police force of said city. Determination of the commissioner reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Louis J. Grant, for relator.
James D. Bell, for respondent.

HOOKER, J. The relator was a police officer of the city of New York. On the 5th day of February, 1902, charges were lodged against him for violation of certain rules of the department, and conduct unbecoming an officer. The matter was referred by the police

commissioner to the second deputy police commissioner, who heard the oral proofs of the parties and their witnesses. The return shows that at the completion of the evidence the proofs were closed, and decision was reserved. Thereafter, and without any order, finding, or recommendation in the premises having been made by the deputy commissioner, the police commissioner himself entered an order convicting the relator of the charges upon which he had been tried, and determining, upon such conviction, that said relator be dismissed from the police force of the police department of the city of New York. The relator claims that the dismissal was unwarranted and void, for the reason that no conviction or finding on the evidence was made by the deputy who heard the case. There is no statutory authority permitting procedure such as is revealed by the record before us to have been adopted in the conviction and dismissal of the relator, and, in the absence of such statutory authority, the deputy may not conduct the trial, and thereafter report the evidence to the commissioner, without determining the guilt or innocence of the relator, or making recommendation in respect thereof, and leave to the latter the duty to pass upon the sufficiency of the evidence in the absence of the accused officer, without notice to him, or giving him an opportunity to be heard before the head of the department. The case of People ex rel. De Vries v. Hamilton, 84 App. Div. 369. 82 N. Y. Supp. 884, was certiorari to review the determination of the respondent, the county clerk of the county of New York, in dismissing an accused employé from his office. The trial was had before a deputy clerk in the absence of the county clerk by reason of illness, and the former made no recommendation or finding of guilt or innocence, but left the matter to the county clerk for his determination upon the evidence taken before the deputy. Mr. Justice Hatch, writing for the Appellate Division in the First Department, said concerning such procedure:

"We have no difficulty, therefore, in sustaining this proceeding so far as the authority of the deputy is concerned to take the proof and conduct the trial. The difficulty which the case presents lies in the fact that the deputy, having entered upon the trial, did not continue to perform the duties which had been devolved upon him to a conclusion. In hearing and determining upon the sufficiency of the proof in support of the charge, the deputy acted in a quasi judicial proceeding, and exercised judicial authority in reaching a conclusion upon the weight of the testimony, the extent and character of the punishment which should be imposed. We are cited to no authority, except as will hereafter be noticed, nor have we found any, either statutory or otherwise, authorizing a deputy to perform the duties of his chief, take the proof offered upon the hearing, and then pass the proceeding over to the clerk to make the determination. The judgment which is pronounced in such case involves a determination upon the merits, and the exercise of discretionary power thereon. The basis therefor is found, to a large extent, in the impressions produced upon the mind of the officer from the appearance and candor of the witnesses, and is common and material to all judicial proceedings. This has been held to be a prime factor in determining the weight of the testimony, and in control of the punishment which ought to be inflicted. It is substantial in its nature, and courts have uniformly attached great weight thereto, making it a controlling element in their determination in many cases. In the orderly course of judicial procedure, a trial may not be severed, so that one functionary may take the proof, and another make the determination. Such power has never been exercised, so far as we are aware, unless it was conferred by statutory enactment."

People ex rel. Reidy v. Grady, 26 App. Div. 592, 50 N. Y. Supp. 424, while not deciding this precise question, supports the authority of the principles underlying the De Vries Case, supra. This court has recently taken occasion to criticise procedure such as that indulged in by the commissioner toward this relator. In People ex rel. Callan v. Partridge, 87 App. Div. 573, 84 N. Y. Supp. 487, Mr. Justice Bartlett, writing for the court, said:

"Where a member of the police force is tried before a deputy commissioner, there should be an express finding one way or the other by that officer, declaring the accused guilty or not guilty of the charge against him, and this finding should be set out in writing in the report of the proceedings made to the head of the police department."

It follows that the act of the commissioner in dismissing this relator from the force was without authority and void, and the determination should be reversed, with costs. All concur.

