PEOPLE ex rel. McAULEY v. BAKER, Police Com'r.

(Supreme Court, Appellate Division, Second Department. June 10, 1910.)

1. MUNICIPAL CORPORATIONS (§ 185*)—PATROLMEN—NEGLECT OF DUTY—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show neglect of duty by a patrolman, and insubordination, warranting his dismissal.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 503; Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—EMPLOYÉS—CHARGES—BURDEN OF PROOF.

One preferring charges against a municipal employé, warranting his dismissal, is bound to prove them by a fair preponderance of the evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 594; Dec. Dig. § 218.*]

Carr, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Certiorari by the People of the State of New York, on the relation of Peter J. McAuley, against William F. Baker, Police Commissioner of the City of New York, to review relator's dismissal from the police force. Judgment for relator.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and CARR, JJ.

Louis J. Grant and Jacob Rouss, for relator.
James D. Bell and Sanders Shanks, for respondent.

WOODWARD, J. The relator is charged with, and has been convicted of, neglect of duty and neglect of duty and insubordination, under two distinct charges. The first charge of neglect of duty is accompanied by specifications, which charge that:

"Peter J. McAuley, assigned to patrol night posts Nos. 16 and 17 (Fifth avenue, from North Washington Square to Fourteenth street, including Washington Mews), did not properly patrol said post, and was loitering and in conversation with a citizen in front of the Hotel Brevoort, Fifth avenue and Eighth street, from 12:15 a. m. to 12:35 a. m., March 8, 1909."

The evidence is furnished solely by Rufus J. Deyo, a sergeant, and is to the effect that on the night in question the relator stood in front of the Hotel Brevoort for about 20 minutes, talking to some one. The relator admits his presence at the point in question, but denies that he was in conversation with any one, and says that he was there in the discharge of his duties, under special instructions to see that the rules of the road were observed, and that there was a club meeting at the Hotel Brevoort at that time—Sunday night—and that he remained there until nearly all the carriages had departed, as he thought it his duty; the drivers of carriages and taxicabs usually having trouble at that point. There is practically no dispute in the testimony. There is no contradiction of the relator's testimony that there "is always trouble on that post with the taxicabs and the hackmen, and the Eighth Street cars are blocked there occasionally"; and there was no dispute as to there being a club meeting in the hotel, or that there were carriages there at the time mentioned in the charges.

Under the circumstances of this case, what impropriety has been shown on the part of the relator? There certainly is no law against a policeman having the necessary conversation with a hackman to properly discharge his duties, and there is no testimony that he had any further conversation. The relator says he had no conversation with any one that he knew: "There is nobody there I know." The most that can be said is that he stood out in front of a hotel at a point, where he had reason to anticipate trouble between hackmen and the drivers of taxicabs, for a period of 20 minutes about midnight of a Sunday, when the members of a club were dispersing. The point was upon his beat, and it would be difficult for a normal-minded man to suggest any good reason why the severe penalty of loss of position should be imposed, as was done by the order in this case. The evidence does not fairly preponderate that the relator was guilty of the act charged against him.

At the same time the relator was charged with a second neglect of duty and insubordination, and he was likewise removed upon this

charge. The specifications were that the relator, assigned to the same post on the 9th of March, the day following the previous charge, "did fail to properly patrol his post, and could not be found thereon from 7:18 a. m. to 7:53 a. m.," and that the relator, when—

"informed by his superior officer, Sergeant Reuben C. Conner, at 7:55 a. m., March 9, 1909, that complaint would be made against him for improper patrolling, did use the following language, in a loud and boisterous manner: 'I don't care a God damn whether you do or not. You are a big stiff, and you can go as far as you like. What do you think of that?' This in front of No. 76 Fifth avenue."

The relator denies positively that he made use of this language, and he is criticised in the respondent's brief for not producing the colored man, in whose presence it is alleged the language was used, to disprove the allegation. The rule is, however, that the person making the charges is bound to prove them by a fair preponderance of evidence (People ex rel. Keane v. Dooling, 60 App. Div. 321, 70 N. Y. Supp. 26), and if the colored janitor was present when the language was used, it was the duty of the complainant to furnish the evidence, and the fact that he was not called is certainly not to prejudice the relator. The complainant might have produced this witness, so far as appears, and the fact that he did not call him, or offer any excuses for not doing so, is a fact which may fairly be taken into consideration in determining whether the evidence justified a finding that the language was used, and we are of the opinion that the burden of proving this charge was not fairly sustained.

So far as the specification in reference to the alleged fact that the relator could not be found on his beat from 7:18 a. m. to 7:53 a. m. is concerned, the relator says that he was on his post during all of the time, except that he stepped into a basement at 76 Fifth avenue to investigate a light which he saw in there, and in this he was corroborated by the colored janitor of the building, as the complaining witness admits. It was conceded that the relator was on his post when found by the complainant, and the only evidence of a failure to properly patrol the post was the testimony of the complainant that he was unable to find him there during a space of 35 minutes, a thing that might very easily occur, even were both parties actually there, and both acting in entire good faith. The post is Fifth avenue, from North Washington Square to Fourteenth street and Washington Mews. The hour was just after 7 o'clock in the morning, when the streets are well filled with people going to their work, and the fact that the witness did not find the relator for a period of 35 minutes, a portion of which time is fully accounted for (though the witness claims some discrepancy in the time fixed by the colored janitor as to the visit of the relator to the basement of 76 Fifth avenue), is far from satisfying evidence that the relator was in fact absent from his post, or that he was not in the proper discharge of his duties.

We are of the opinion that the evidence does not support the charges, and that the convictions should not be permitted to stand. The conviction and orders should be reversed and set aside, and the relator should be restored to his position. All concur, except CARR, J., who dissents.