Certiorari by the People of the State of New York, on the relation of the New York Edison Company, against Edward E. McCall and others, as the Board of Public Service Commiss'oners, and another. Writ dismissed, and order affirmed. See, also, 100 N. E. 705. Morgan J. O'Brien, of New York City, for relator. Graham Sumner, of New York City, for respondent Long Acre Electric Light & Power Co.

PER CURIAM. Writ dismissed, and order sustained, with $50 costs and disbursements.

INGRAHAM, P. J. (dissenting). I dissent from the dismissal of this writ, on the ground stated in the d'ssenting opinion of Judge Miller in 151 App. Div. 832, 136 N. Y. Supp. 1031, in which opinion I concurred. I think he there demonstrates that this so-called secondary franchise had never been operated by the American Electric Illuminating Company ·prior to 1907, and that therefore this respondent was not authorized to begin construction without the permission of the Public Service Commission. It is only necessary to refer to Judge Miller's opinion as the basis of my dissent upon this ground. I also dissent upon the ground that the respondent never acquired title to the franchise granted to the American Electric Illuminating Company by the city of New York, and therefore cannot be said to be the successor of that company, or to have acquired any of the rights that were granted to the American Electric Illuminating Company by the city of New York or by the state of New York to operate an electric plant in the city of New York. My reasons for that dissent are stated in Matter of the Long Acre Electric Light & Power Co., 117 App. Div. 92, 102 N. Y. Supp. 242, and that dissent was further expressed in People ex rel. Long Acre Light & Power Co. v. Public Service Commission, 137 App. Div. 821, 122 N. Y. Supp. 641. I also think the granting of this order, based as it is upon the absolute right of the respondent to construct an electric plant in the city of New York, was in opposition to the decision of the Court of Appeals, on an appeal from a decision of this court in 207 N. Y. 86, 100 N. E. 705. As I read that opinion, it expressly determines that the respondent had not the right to erect its plant in the city of New York, without having obtained the permission of the proper commission. By sections 69 and 55 of the Public Service Commission Law (chapter 429, Laws 1907), it is required that the Public Service Commission should determine, independently of the rights theretofore granted to any corporation not actually exercising its franchise, whether the public interest required such corporation to construct its plant and furnish electricity to the public. There has been no such determination by the Public Service Commission in this case. It simply determined, as a matter of law, that this respondent was entitled to construct its plant, and therefore the Public Service Commission was bound to give its permission. As I read the decision of the Court of Appeals, the Public Service Commission was required to determine that question for itself, and only authorized the construction and operation of this plant by the respondent, if in its judgment the public interest required it. Until such a determination has been had, and such permis-

sion expressly given, the respondent is not entitled to construct its plant or operate this franchise. It is unnecessary for me to do more than thus indicate the grounds of my dissent.

---

PEOPLE ex rel. NEW YORK & R. B. RY. CO., Appellant, v. STATE BOARD OF TAX COM'RS, Respondent. (Supreme Court, Appellate Division, Second Department. June 20, 1913.) Proceeding by the People of the State of New York, on the relation of the New York & Rockaway Beach Railway Company, against the State Board of Tax Commissioners, in which the City of New York intervened.

PER CURIAM. Orders (140 N. Y. Supp. 691) affirmed, with $10 costs and disbursements on the opinion of Blackmar, J., at Special Term.

THOMAS, J., not voting.

---

PEOPLE ex rel. O'CONNOR v. WALDO, Police Com'r. (Supreme Court, Appellate Division, Second Department. May 29, 1913.) Proceeding by the People of the State of New York, on the relation of Joseph O'Connor, against Rhinelander Waldo, as Police Commissioner of the City of New York.

PER CURIAM. Determination annulled, and relator restored to his position, with $50 costs and disbursements, on the ground that, giving to the relator the presumption of innocence, the evidence on which the dismissal was based (the charges involving the commission of a crime) was insufficient to warrant a dismissal. People ex rel. McAuley v. Baker, 139 App. Div. 148, 150, 123 N. Y. Supp. 493. See, also, 141 N. Y. Supp. 1141.

HIRSCHBERG, J., not voting.

---

PEOPLE ex rel. OLSON, Appellant, v. ARMSTRONG et al., Respondents. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Proceeding by the People of the State of New York, on the relation of John Olson, against Traverse A. Armstrong and others. No opinion. Order affirmed, with $10 costs and disbursements.

---

PEOPLE ex rel. PINE, Appellant, v. MORROW et al., Respondents. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Proceeding by the People of the State of New York, on the relation of Jacob Pine, against James M. Morrow and others. N. Cohen, of New York City, for appellant. A. De Roode, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 141 N. Y. Supp. 1142.

---

PEOPLE ex rel. REYNOLDS v. WALDO, Police Com'r. (Supreme Court, Appellate Division, Second Department. June 27, 1913.) Proceeding by the People of the State of New York, on the relation of Joseph R. Reynolds, against Rhinelander Waldo, as Police Commissioner of the City of New York. No opinion. Determination confirmed, with $50 costs and disbursements.