PEOPLE ex rel. KELLY v. WALDO, Police Commissioner.

(Supreme Court, Appellate Division, Second Department. March 20, 1914.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICEMEN—REMOVAL—SUFFICIENCY OF EVIDENCE.

On the trial of a policeman for receiving a fee or gratuity for services while detailed as an inspector of boilers, in violation of a rule of the police department, evidence *held* insufficient to support the police commissioner's determination, removing the policeman from the force.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

2. EVIDENCE (§ 60*)—PRESUMPTIONS—INNOCENCE.

A policeman, charged in a proceeding for his removal from the police force with receiving a fee, while detailed as an inspector of boilers, from a party whose boiler he inspected, was entitled to the presumption of innocence, which should prevail if the proof was otherwise evenly balanced, since the act charged was a misdemeanor under Penal Law (Consol. Laws, c. 40) § 855, providing that a public officer, asking or receiving a fee or other compensation for his official services in excess of that allowed by statute, or where no fee is allowed by statute, is guilty of a misdemeanor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 81; Dec. Dig. § 60.*]

3. MUNICIPAL CORPORATIONS (§ 185*) — POLICEMEN — REMOVAL — REVIEW BY CERTIORARI.

On certiorari to review a police commissioner's determination in removing a policeman, the court was not bound to credit the testimony of a witness against the policeman, though no reason appeared why he should have fabricated the testimony.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on relation of Owen Kelly, against Rhinelander Waldo, as police commissioner of the city of New York, to review his determination in dismissing the relator from the police force. Determination annulled, and relator reinstated.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William Adams Robinson, of Brooklyn, for relator.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for respondent.

JENKS, P. J. [1] The relator, a member of the police force of the city of New York, was found guilty of a violation of section 1, rule 30, of the police department, and dismissed from the force. The pertinent part of the section reads as follows:

"No member of the police force or employé of the police department shall, under any pretense whatsoever, share in, for his own benefit, any present, fee, gift or emolument for police services or for services of the police department or any member thereof, additional to his regular salary, pay or compensation."

The relator, who was detailed as an inspector of boilers, is charged with receiving $10 after his inspection of boilers in the House of the Good Shepherd, from Bogle, who was the engineer. Bogle testifies that when the inspector called upon a week day for the purposes of inspection, the inspection was postponed until Sunday. The proof of the offense depends upon the personal testimony of Bogle. There are no corroborative circumstances that support him. The only suggestion of reason for the payment of what Bogle admits was a voluntary gratuity is that the inspection was made on Sunday. But Bogle testifies that before the relator called on a week day for the inspection, the lieutenant of the squad had acceded to Bogle's request that the inspection be made on Sunday; that he so informed the relator; that he gave an apparently good reason to the relator for the postponement; and that the relator thereupon acquiesced without demur or complaint— all before Bogle said he would pay him for his time. The relator denies absolutely his receipt of any money.

[2] The alleged act was a misdemeanor (section 855 of the Penal Law), and the relator was entitled to—

"the presumption that he was innocent of the charge, * * * so that even if the proof was otherwise evenly balanced, this presumption might properly prevail with the police commissioner in favor of the complainant." People ex rel. Callan v. Partridge, 87 App. Div. 573, 575, 84 N. Y. Supp. 487.

[3] It may be asked, in weighing the probabilities, what reason moved Bogle, who so far as it appears was an entire stranger to the relator, to fabricate testimony. We are not bound either to seek out a reason or to credit his testimony if we cannot find one or suggest one. But it may be noted that Bogle testifies he had secured the $10 from his employer for the purpose of paying it to the relator.

We think that the determination should be annulled, with $50 costs and disbursements, and the relator reinstated. All concur.