PEOPLE ex rel. HENNINGER v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, Second Department.   January 29, 1915.)

MUNICIPAL CORPORATIONS (§ 185*)—POLICEMEN—DISCHARGE—SUFFICIENCY OF
EVIDENCE.

    On certiorari to review a police commissioner's dismissal of a police-
man, evidence *held* insufficient to support, by a preponderance thereof,
the charges that the policeman was absent from his post without leave
and without entering the fact of his absence in his memorandum book,
that he was intoxicated, and that he used vile, indecent, and abusive lan-
guage to a police sergeant.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
492–509; Dec. Dig. § 185.*]

Certiorari by the People, on relation of Louis J. Henninger, against
Rhinelander Waldo, as Police Commissioner of the City of New York,
to review a determination of such Commissioner dismissing the relator
from the police force.   Determination annulled, and relator reinstated.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-
TON, and RICH, JJ.

Jacob Rouss, of New York City, for relator.
Edward A. Freshman, of Brooklyn (Thomas F. Magner, of Brook-
lyn, on the brief), for respondent.

RICH, J.   This is a writ of certiorari to review the conviction and
dismissal of the relator, a patrolman, from the police department of
the city of New York.   He was charged with violation of the rules and
conduct unbecoming an officer, with five specifications:   First, that at
25 minutes past 4 a. m. on January 19, 1913, he was absent from his
post and standing behind a door in the hallway of premises No. 1788
Fulton street, Brooklyn, under the influence of some intoxicating agent,
to the extent that he was unsteady in his steps and speech; second,
that he used vile, indecent, and abusive language to the polic sergeant
who took him from such hallway to the precinct station house; third,
that he was examined at such station house at 20 minutes past 5 a. m.
by a police surgeon and pronounced fit for police duty; fourth, that
he did not obtain permission from the lieutenant on desk duty to leave
his post at the time stated; and, fifth, that he failed to enter in his
memorandum book the fact of his absence from post.

The only witness whose testimony attempts to sustain the charges
is that of Sergeant Fitzgerald, the complainant, and his testimony is
wholly uncorroborated.   He testified that at about 4:25 a. m. on Jan-
uary 19, 1913, he found the relator in a hallway on Fulton street,
Brooklyn, behind the hall door; that he spoke to him, and he seemed
to be dazed and did not answer for several seconds, and he took him
to the station house; that his gait was unsteady, and on the way there
he used the vile language set forth in the second specification.   He
charged the relator with intoxication, but said nothing about his use
of the language now claimed to have been used.   The lieutenant in
charge of the station house, the captain, and the police surgeon, who
made an examination of the relator upon his arrival, testify that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relator was sober and fit for duty at the time. The relator denied that he was in the hallway, and testified positively that he was not off his beat and did not use the language attributed to him. It appeared that there was not a friendly feeling between the men.

The evidence not only fails to sustain the charges, or either of them, by a fair preponderance (People ex rel. Kelly v. Waldo, 161 App. Div. 731, 146 N. Y. Supp. 581; People ex rel. McAuley v. Baker, 139 App. Div. 148, 123 N. Y. Supp. 493; People ex rel. Dougan v. Greene, 97 App. Div. 404, 89 N. Y. Supp. 1067), but so strongly preponderates in favor of the relator's contention as to require his reinstatement.

The determination must be annulled, with $50 costs and disbursements, and the relator reinstated. All concur; THOMAS, J., in the result.